UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Hung Nguyen, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                                        *Plaintiff*,

                      - against -

Pho Vietnam 87 Corporation, Pho 87 Vietnamese Restaurant Inc., King Chong Food Market, Inc. JBC 87 LLC, JBC 3810 LLC, JBC 2238 LLC, Nancy Huynh, Chu Fun Shin, and Chin Hun Chong,

                                        *Defendants*.
-------------------------------------------------------------X

Case No.: 23-cv-04298

**Jury Trial Demanded**

**FIRST AMENDED COMPLAINT**

        Plaintiff Hung Nguyen ("Plaintiff" or "Nguyen"), on behalf of himself and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Pho Vietnam 87 Corporation, Pho 87 Vietnamese Restaurant Inc., King Chong Food Market, Inc., JBC 87 LLC, JBC 3810 LLC, JBC 2238 LLC (collectively, the "Corporate Defendants"), Nancy Huynh, Chu Fun Shin and Chin Hun Chong (the "Individual Defendants", and together with the Corporate Defendants, the "Defendants"), and states as follows:

## NATURE OF THE ACTION

        1.    Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

        2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum

1

wages, overtime wages, spread-of-hours, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

**JURISDICTION AND VENUE**

3.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

**PLAINTIFF HUNG NGUYEN**

6.      Plaintiff Nguyen was employed as a waiter at Defendants' restaurant, known as "Pho 87 Vietnam", located at 87 Chrystie St., New York, NY 10002.

7.      Plaintiff Nguyen was employed as a non-managerial employee at "Pho 87 Vietnam" from on or around May 2022 to, through and including, May 2023.

8.      At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT PHO VIETNAM 87 CORPORATION**

9.      Upon information and belief, Defendant Pho Vietnam 87 Corporation is a domestic corporation organized and existing under the laws of the State of New York. Upon information

and belief, it maintains a principal place of business at 87 Chrystie St., New York, NY 10002, and an alternate addresses at 337 Grand St., New York, NY 10002.

10.     At all times relevant to this Complaint, Defendant Pho Vietnam 87 Corporation: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

11.     At all times relevant to this Complaint, Defendant Pho Vietnam 87 Corporation was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

12.     At all times relevant to this Complaint, Defendant Pho Vietnam 87 Corporation was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

13.     Defendant Pho Vietnam 87 Corporation possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

14.     Defendant Pho Vietnam 87 Corporation had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT PHO 87 VIETNAMESE RESTAURANT INC.**

15.     Upon information and belief, Defendant Pho 87 Vietnamese Restaurant Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains a principal place of business at 87 Chrystie St., New York, NY 10002, and an alternate addresses at 337 Grand St., New York, NY 10002.

16.     At all times relevant to this Complaint, Defendant Pho 87 Vietnamese Restaurant Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

17.     At all times relevant to this Complaint, Defendant Pho 87 Vietnamese Restaurant Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

18.     At all times relevant to this Complaint, Defendant Pho 87 Vietnamese Restaurant Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

19.     Defendant Pho 87 Vietnamese Restaurant Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

20.     Defendant Pho 87 Vietnamese Restaurant Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**KING CHONG FOOD MARKET, INC.**

21.     Upon information and belief, Defendant King Chong Food Market, Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains a principal place of business at 337 Grand St., New York, NY 10002, and an alternate addresses at 87 Chrystie St., New York, NY 10002.

22.     At all times relevant to this Complaint, Defendant King Chong Food Market, Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

23.     At all times relevant to this Complaint, Defendant King Chong Food Market, Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

24.     At all times relevant to this Complaint, Defendant King Chong Food Market, Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

25.     Defendant King Chong Food Market, Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

26.     Defendant King Chong Food Market, Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT JBC 87 LLC**

27.     Upon information and belief, Defendant JBC 87 LLC is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it

maintains a principal place of business at 87 Chrystie St., New York, NY 10002, and an alternate

addresses at 38-10 Prince St., Queens, NY 11354; and 177 Titus Ave., Staten Island, NY 10306.

28.     At all times relevant to this Complaint, Defendant JBC 87 LLC: (i) has had and

continues to have employees engaged in commerce or in the production of goods and services for

commerce and handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person and (ii) has had and continues to have an

annual gross volume of sales of not less than $500,000.00.

29.     At all times relevant to this Complaint, Defendant JBC 87 LLC was and is a

covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant

to this Complaint, employed employees, including Plaintiff.

30.     At all times relevant to this Complaint, Defendant JBC 87 LLC was and is an

employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and

employed employees, including Plaintiff.

31.     Defendant JBC 87 LLC possessed substantial control over Plaintiff's (and other

similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiff, and all similarly situated individuals,

referred to herein.

32.     Defendant JBC 87 LLC had the power to hire and fire Plaintiff, control the terms

and conditions of employment, and determine the rate and method of any compensation in

exchange for Plaintiff's services.

**JBC 3810 LLC**

33.     Upon information and belief, Defendant JBC 3810 LLC is a domestic corporation

organized and existing under the laws of the State of New York. Upon information and belief, it

maintains a principal place of business at 87 Chrystie St., New York, NY 10002, and an alternate

addresses at 38-10 Prince St., Queens, NY 11354; and 177 Titus Ave., Staten Island, NY 10306.

34.     At all times relevant to this Complaint, Defendant JBC 3810 LLC: (i) has had and

continues to have employees engaged in commerce or in the production of goods and services for

commerce and handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person and (ii) has had and continues to have an

annual gross volume of sales of not less than $500,000.00.

35.     At all times relevant to this Complaint, Defendant JBC 3810 LLC was and is a

covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant

to this Complaint, employed employees, including Plaintiff.

36.     At all times relevant to this Complaint, Defendant JBC 3810 LLC was and is an

employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and

employed employees, including Plaintiff.

37.     Defendant JBC 3810 LLC possessed substantial control over Plaintiff's (and other

similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiff, and all similarly situated individuals,

referred to herein.

38.     Defendant JBC 3810 LLC had the power to hire and fire Plaintiff, control the terms

and conditions of employment, and determine the rate and method of any compensation in

exchange for Plaintiff's services.

**DEFENDANT JBC 2238 LLC**

39.     Upon information and belief, Defendant JBC 2238 LLC is a domestic corporation

organized and existing under the laws of the State of New York. Upon information and belief, it

maintains a principal place of business at 87 Chrystie St., New York, NY 10002, and an alternate addresses at 38-10 Prince St., Queens, NY 11354; and 177 Titus Ave., Staten Island, NY 10306.

40.     At all times relevant to this Complaint, Defendant JBC 2238 LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

41.     At all times relevant to this Complaint, Defendant JBC 2238 LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

42.     At all times relevant to this Complaint, Defendant JBC 2238 LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

43.     Defendant JBC 2238 LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

44.     Defendant JBC 2238 LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT NANCY HUYNH**

45.     Defendant Nancy Huynh is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

46.     Defendant Nancy Huynh is sued individually and in their capacity as an owner, officer and/or agent of the Corporate Defendants.

47.     Defendant Nancy Huynh possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

48.     Defendant Nancy Huynh determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

49.     At all times relevant to this Complaint, Defendant Nancy Huynh was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT CHU FUN SHIN**

50.     Defendant Chu Fun Shin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

51.     Defendant Chu Fun Shin is sued individually and in their capacity as an owner, officer and/or agent of the Corporate Defendants.

52.     Defendant Chu Fun Shin possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

53.     Defendant Chu Fun Shin determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

54.     At all times relevant to this Complaint, Defendant Chu Fun Shin was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT CHIN HUN CHONG**

55.     Defendant Chin Hun Chong is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

56.     Defendant Chin Hun Chong is sued individually and in their capacity as an owner, officer and/or agent of the Corporate Defendants.

57.     Defendant Chin Hun Chong possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

58.     Defendant Chin Hun Chong determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

59.     At all times relevant to this Complaint, Defendant Chin Hun Chong was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS' SUCCESSOR LIABILITY**

60.     In or around April 2023, Defendants Pho Vietnam 87 Corporation, Pho 87 Vietnamese Restaurant Inc., King Chong Food Market, Inc., Nancy Huynh, and Chu Fun Shin (collectively, the "Old Owners") sold the restaurant located at 87 Chrystie St., New York, NY 10002 to Defendants JBC 87 LLC, JBC 3810 LLC, JBC 2238 LLC, and Chin Hun Chong (collectively, the "New Owners").

61.     The New Owners are liable to Plaintiff, as successors-in-interest to the Old Owners.

62.     The New Owners were aware, or should have been aware of, the pendency of this lawsuit. For example, Corporate Defendant JBC 87 LLC, *i.e.,* the entity that operates the physical

restaurant located at 87 Chrystie St., New York, NY 10002, was incorporated on or around April 20, 2023  (*i.e.,* nearly one (1) month before the filing of the instant action, on May 23, 2023).

63.     A cursory review of the Old Owners' payroll and timekeeping practices at the time of the sale would have alerted the New Owners that the Old Owners violated the FLSA and NYLL.

64.     Upon information and belief, there were multiple red flags surrounding the sale of the restaurant located at 87 Chrystie St., New York, NY 10002.

65.     Upon information and belief, there was no written agreement of the sale.

66.     Upon information and belief, neither the Old Owners, nor the New Owners, were represented by an attorney.

67.     The Old Owners cannot provide relief for its debts, including, *inter alia*, Plaintiff's FLSA and NYLL claims.

68.     The New Owners still operate the restaurant in the same location where it was operating under the Old Owners, *i.e.,* 87 Chrystie St., New York, NY 10002.

69.     Upon information and belief, the New Owners employ many of the same employees that worked at the restaurant when it was owned by the Old Owners.

70.     The current employees of the restaurant work under substantially the same working conditions that existed when the Old Owners owned and operated the restaurant.

71.     Upon information and belief, the New Owners use the same fixtures, machinery, and equipment that the Old Owners used at the restaurant.

72.     Upon information and belief, the New Owners owns and operates the restaurant in substantially the same manner as it was operated by the Old Owners.

**DEFENDANTS' LIABILITY UNDER NYLL § 218(5)**

73.     The New Owners own and operate the restaurant in substantially the same manner

as it was operated by the Old Owners.

74.     The restaurant has substantially the same customers under the New Owners'
ownership as it had when owned by the Old Owners.

75.     The restaurant is engaged in substantially the same work under the New Owners'
ownership as it was when owned by the Old Owners.

76.     The restaurant has substantially the same working conditions under the New
Owners' ownership as it had when owned by the Old Owners.

77.     The restaurant has substantially the same customers under the New Owners'
ownership as it had when owned by the Old Owners.

78.     The New Owners are liable for the labor law violations of its predecessor, *i.e.,* the
Old Owners.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

79.      Defendants own, operate and/or control the restaurant located at 87 Chrystie St.,
New York, NY 10002.

80.     The Individual Defendants possess operational control over the Corporate
Defendants, possess an ownership interest in the Corporate Defendants, and control significant
functions of the Corporate Defendants.

81.      Defendants are associated and joint employers, act in the interest of each other
with respect to employees, pay employees by the same method, and share control over the
employees.

82.     Each Defendant possessed substantial control over Plaintiff's (and other similarly
situated employees') working conditions, and over the policies and practices with respect to the
employment and compensation of Plaintiff, and all similarly situated individuals, referred to

herein.

83.      Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

84.      In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

85.       Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fails to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

a.      failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

b.      defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.      transferring assets and debts freely as between all Defendants;

d.      operating the Corporate Defendants for their own benefit as the majority shareholder;

e.      operating the Corporate Defendants for their own benefit and maintaining control over them as closed corporations or closely controlled entities;

f.      intermingling assets and debts of their own with the Corporate Defendants;

g.      diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

h.      other actions evincing a failure to adhere to the corporate form.

86.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

87.    Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

88.    Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

89.    Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

90.    Plaintiff was an employee of Defendants.

91.    Plaintiff was employed as a waiter at Defendants' restaurant, known as "Pho 87 Vietnam", located at 87 Chrystie St., New York, NY 10002.

92.    From approximately May 2022 to, through and including, May 2023, Plaintiff worked six (6) days per week as follows: from approximately 9:00 a.m. to 9:00 p.m. (*i.e.,* twelve (12) hours per day), for a total period of approximately 72 during each of the weeks, respectively.

93.    From approximately May 2022 to, through and including, May 2023, Defendants paid Plaintiff a fixed salary of $85 per day.

94.    Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times their regular rate of pay for those hours.

95.    At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

96.    At all relevant times hereto, Defendants maintained a policy and practice of

unlawfully appropriating Plaintiff's, all other similarly situated individuals', tipped wages.

97.     Specifically, Defendants required Plaintiff, and all similarly situated individuals, to pool their tips pursuant to a mandated tip sharing scheme.

98.     Defendants unlawfully withheld all, or nearly all, of Plaintiff's tips, and all similarly situated individuals' tips.

99.     As the manager and owners of Pho 87 Vietnam, Defendants should not have taken a share of Plaintiff's, and all similarly situated individuals' tips.

100.    The employer-mandated tip sharing scheme imposed on Plaintiff and other servers is not customary.

101.    The employer-mandated tip sharing imposed on Plaintiff was not reasonable.

102.    Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiff or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

103.    Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

104.    Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

105.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

106.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

107.     Defendants did not give any notice to Plaintiff of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

## FLSA COLLECTIVE ACTION ALLEGATIONS

108.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited waiters) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

109.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

110.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

111.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

**FIRST CLAIM**
**(FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)**

112.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

113.    Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

114.    Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

115.    Due to Defendants' violations of the FLSA, Plaintiff, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

116.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

117.    At all relevant times to this action, Plaintiff are covered, non-exempt employees within the meaning of the FLSA.

118.    Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

119.    Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the FLSA.

120.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

121.     Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

122.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

123.     Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

124.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

125.     Due to Defendants' violations of the NYLL, Plaintiff, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

126.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

127.     Plaintiff is a covered, non-exempt employees within the meaning of the NYLL and

supporting New York Department of Labor ("NYDOL") Regulations.

128.    Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

129.    Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the NYLL.

130.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

131.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

132.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

133.    Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

134.    By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 et seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

135.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
## (NYLL WTPA– Failure to Provide Wage Notices)

136.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

137.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

138.    In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

139.    Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
## (Violation of the Wage Statement Provisions of the NYLL)

140.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

141.    With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

142.   As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

**EIGHTH CLAIM**
**(Unlawful Wage Deductions Under the NYLL)**

143.   Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

144.   Defendants have made unlawful deductions and required kickbacks from the Plaintiff's wages, including but not limited to, deductions for mandatory tip-outs to non-tipped persons at, to wit: Defendants.

145.   The deductions made from Plaintiff's wages have not been authorized or required by law.

146.   The deductions made from Plaintiff's wages have not been expressly authorized in writing by Plaintiff, and have not been for Plaintiff's benefit.

147.   Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiff's wages, Defendants have willfully violated the NYLL, Article 6 §§ 190 et seq. and the supporting regulations.

148.   Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## NINTH CLAIM
### (Unlawful Wage Deductions Under the FLSA)

149.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

150.    Defendants have made unlawful deductions and required kickbacks from Plaintiff's wages, including but not limited to, deductions from Plaintiff's tips that were received from customers.

151.    The deductions made from Plaintiff's wages have not been authorized or required by law.

152.    The deductions made from Plaintiff's wages have not been expressly authorized in writing by Plaintiff, and have not been for Plaintiff's benefit.

153.    Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiff's wages, Defendants have willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

154.    Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the FLSA, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.    authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been

filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b.      certification of this case as a collective action pursuant to the FLSA;

c.      issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the FLSA Collective Plaintiffs;

d.      declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.      declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

f.      declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g.      declaring that Defendant violated the timely pay provisions of the NYLL;

h.      awarding Plaintiff unpaid overtime wages;

i.      awarding Plaintiff unpaid spread-of-hours pay;

j.      awarding Plaintiff unlawfully deducted gratuities;

k.      awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

l.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

m.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

n.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

o.      Such other relief as this Court deems just and proper.

Dated: New York, New York
           October 17, 2023

Respectfully submitted,

By:  /s/ Joshua Levin-Epstein
     Joshua Levin-Epstein
     Jason Mizrahi
     Levin-Epstein & Associates, P.C.
     60 East 42nd Street, Suite 4700
     New York, New York 10165
     Tel: (212) 792-006
     Email: Joshua@levinepstein.com
     *Attorneys for the Plaintiff and proposed FLSA*
     *Collection Action Plaintiff*