UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUNG NGUYEN, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

Plaintiff,

-against-

PHO VIETNAM 87 CORPORATION, PHO 87 VIETNAMESE RESTAURANT INC., KING CHONG FOOD MARKET, INC., JBC 87 LLC, JBC 3810 LLC, JBC 2238 LLC, NANCY HUYNH, CHU FUN SHIN, and CHIN HUN CHONG,

Defendants.

---

Case No. 1:23-cv-04298 (JLR)

**MEMORANDUM OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

On December 12, 2023, the Clerk of Court entered certificates of default as to Defendants Chin Hun Chong, Chu Fun Shin, JBC 87 LLC, Pho Vietnam 87 Corp., JBC 2238 LLC, JBC 3810 LLC, King Chong Food Market, Inc., Nancy Huynh, and Pho 87 Vietnamese Restaurant Inc. (collectively, "Defendants"). Dkts. 57-65. On March 14, 2024, Plaintiff Hung Nguyen ("Plaintiff"), moved for the entry of default judgment against all Defendants. Dkt. 70. The Court referred Plaintiff's motion to Magistrate Judge Valerie Figueredo, Dkt. 74.

On January 31, 2025, Judge Figueredo issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion be granted as to all claims except for his WTPA claim and that Plaintiff be awarded judgment against Defendants. Dkt. 77 ("R&R") at 1-2. Judge Figueredo recommends that Plaintiff be awarded $4,500 in unpaid minimum wages, *id.* at 26; $36,000 in unpaid overtime wages, *id.* at 26-27; $12,500 in withheld tips, *id.* at 27-28; $4,500 in spread-of-hours pay, *id.* at 28; $57,500 in liquidated damages, *id.* at 28-29;

$11,498.42 in prejudgment interest, *id.* at 29-30; $9,775 in attorneys' fees, *id.* at 30-34; and

$1,663.30 in costs, *id.* at 34.

In reviewing an R&R, a district court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's

disposition that has been properly objected to." Fed R. Civ. P. 72(b)(3); *accord United States*

*v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). To accept "uncontested

portions of a report and recommendation, 'a district court need only satisfy itself that there is

no clear error on the face of the record.'" *Qlay Co. v. Owen*, No. 21-cv-01784 (JLR), 2024

WL 4769718, at *1 (S.D.N.Y. Nov. 13, 2024) (quoting *Gomez v. Brown*, 655 F. Supp. 2d 332,

341 (S.D.N.Y. 2009)). "A decision is 'clearly erroneous' when the reviewing Court is left

with the definite and firm conviction that a mistake has been committed." *Royal Park Invs.*

*SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-04394 (AJN), 2018 WL 1750595, at *21

(S.D.N.Y. Apr. 11, 2018) (quoting *Courtney v. Colvin*, No. 13-cv-02884 (AJN), 2014 WL

129051, at *1 (S.D.N.Y. Jan. 14, 2014)); *see Qlay*, 2024 WL 4769718, at *1 (same).

Here, the R&R advised the parties that they had fourteen days from service of the

R&R to file any objections and warned that failure to timely file such objections would result

in waiver of any right to raise objections to the R&R on appeal. R&R at 35 (citing 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Civ. P. 6(a), (b), (d); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile,*

*P.C.*, 596 F.3d 84, 92 (2d Cir. 2010)). That time has expired, and no objections have been

filed. Accordingly, the parties have waived their right to object to the R&R or obtain

appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) ("[F]ailure to

object timely to a report waives any further judicial review of the report.").

2

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the R&R for clear error.  The Court finds that the report is comprehensive, well-reasoned, and free from clear error.  The Court therefore adopts Judge Figueredo's R&R in its entirety.  *See Qlay*, 2024 WL 4769718, at *1; *Ramos v. CJ Contractor Servs., Inc.*, No. 23-cv-00274 (JLR), 2024 WL 3952643, at *1 (S.D.N.Y. Aug. 27, 2024).

The Clerk of Court is respectfully directed to enter final judgment in favor of Plaintiff on all claims except his WTPA claim, enter an award in favor of Plaintiff as set forth below, and close the case.

Plaintiff Hung Nguyen shall be awarded:

a. compensatory damages in the amount of $57,500.00 (consisting of $4,500.00 in unpaid minimum wages; $36,000.00 in unpaid overtime wages; $12,500.00 in withheld tips; and $4,500.00 in unpaid spread-of-hours wages);

b. liquidated damages in the amount of $57,500.00;

c. prejudgment interest on his compensatory damages in the amount of $11,498.42;

d. attorneys' fees in the amount of $9,775.00; and

e. costs in the amount of $1,663.30.

Dated: February 19, 2025
      New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

3